IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Helen Smith | CASE NO. 12 B 38812<br>Judge Hon. Schmetterer<br>CHAPTER 13 |
| Helen Smith<br><br>Plaintiff,<br><br>v.<br><br>CitiFinancial Services, Inc.<br>Defendant. | ADV. NO. 13 AP 00295 |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.  The Parties**

1. The Plaintiff is Helen Smith ("Plaintiff").

2. The Defendant is CitiFinancial Services, Inc. ("Defendant").

**B.  Factual Background**

1. On or about September 28, 2012, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 5071 W. Gladys Avenue, Chicago, IL 60644.

3. That Urban Partnership Bank holds a first mortgage lien on the real property commonly known as 5071 W. Gladys Avenue, Chicago, IL 60644, with a secured claim of $69,385.00 pursuant to the Plaintiff's recent credit report.

4. The Defendant holds a second mortgage lien on the real property known as 5071 W. Gladys Avenue, Chicago, IL 60644 in the approximate amount of $9,838.91 pursuant to the proof of claim filed on January 31, 2013, by CitiFinancial Services, Inc.

5. On March 8, 2013, LM Appraisal Group conducted a residential real estate appraisal on the property located at 5071 W. Gladys Avenue, Chicago, IL 60644. Said appraisal reflects the value of Plaintiff's property to be $24,000.00.

6. The Modified Chapter 13 Plan filed on December 8, 2012, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $275.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On March 12, 2013, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 5071 W. Gladys Avenue, Chicago, IL 60644.

9. That on March 12, 2013, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 300 St. Paul Place, Baltimore, MD 21202, and upon the registered agent at 208 S. LaSalle St. STE 814, Chicago, IL 60604, and also CitiFinancial Services, Inc. P.O. Box 6043, Sioux Falls, SD 57117-0643.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $24,000.00.

13. The first secured claim of Urban Partnership Bank in the amount of $69,385.00 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Urban Partnership Bank in the amount of $69,385.00, and the second secured claim of CitiFinancial Services, Inc. in the amount of $9,506.00.

5. That the value of Plaintiff's residence is $24,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…" *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir.

2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: MAY 1 5 2013

Enter: _Donald R. Cassling_
United States Bankruptcy Judge

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625